Filed 8/29/13  P. v. Olbert CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>ROBERT BRIAN OLBERT,<br><br>        Defendant and Appellant. | C070984<br><br>(Super. Ct. No. 10F07539) |

Defendant Robert Brian Olbert pleaded no contest to robbery, attempted robbery, forgery, identity theft, access card theft and receiving stolen property.  In sentencing defendant, the trial court ordered him to pay, among other things, a main jail booking fee and a main jail classification fee.  (Gov. Code, § 29550.2.)

Defendant now contends (1) there is insufficient evidence of his ability to pay the main jail booking fee and the main jail classification fee, and (2) if his claim is deemed forfeited, defendant's trial counsel was ineffective for failing to object in the trial court.

1

We conclude (1) defendant forfeited his insufficient evidence claim (*People v. McCullough* (2013) 56 Cal.4th 589), and (2) his ineffective assistance claim also fails because he has not established prejudice.

We will affirm the judgment.

BACKGROUND

Because the facts of the underlying offenses do not relate to defendant's contentions on appeal, we focus on the relevant background. Defendant pleaded no contest to robbery (Pen. Code, § 211),[1] attempted robbery (§§ 664/211), forgery (§ 475, subd. (c)), identity theft (§ 530.5, subd. (a)), access card theft (§ 484e, subd. (d)), and receiving stolen property (§ 496, subd. (a)). He admitted that he personally used a deadly weapon (§ 12022, subd. (b)(1)) and that he had a prior serious felony conviction. In exchange, the parties agreed the trial court would sentence defendant to a term of 25 years in state prison. The trial court granted the People's motion to dismiss the remaining charges and enhancements.

The probation report recommended imposition of a $287.78 main jail booking fee and a $59.23 main jail classification fee, both pursuant to Government Code section 29550.2. Defendant did not object to imposition of those fees. The trial court sentenced defendant in accordance with the plea agreement and ordered him to pay the main jail booking fee and main jail classification fee.

DISCUSSION

I

Defendant contends there is insufficient evidence of his ability to pay the main jail booking fee and the main jail classification fee. Relying on *People v. Pacheco* (2010) 187 Cal.App.4th 1392, he claims the failure to object to the fees in the trial court did not

---

[1] Undesignated statutory references are to the Penal Code.

result in a forfeiture of the issue. After briefing was completed in this case, the California Supreme Court issued a decision in *People v. McCullough*, *supra*, 56 Cal.4th at page 597. The Supreme Court ruled that "a defendant who fails to contest the booking fee when the court imposes it forfeits the right to challenge it on appeal." (*Id.* at p. 591.) The Supreme Court concluded: "Given that imposition of a fee is of much less moment than imposition of sentence, and that the goals advanced by judicial forfeiture apply equally here, we see no reason to conclude that the rule permitting challenges made to the sufficiency of the evidence to support a judgment for the first time on appeal 'should apply to a finding of' ability to pay a booking fee . . . ." (*Id.* at p. 599.)

The Supreme Court's reasoning applies equally to the main jail classification fee in this case. We conclude that defendant's insufficient evidence claims are forfeited. (*McCullough, supra*, 56 Cal.4th at p. 599.)

II

In the alternative, defendant claims his trial counsel was ineffective for failing to object to the booking and classification fees. He asserts that his counsel's failure to object cannot be explained as a reasonable tactical choice, as the record indicates the trial court was sympathetic to defendant's need to rehabilitate himself from addiction. He also contends that had counsel "pointed out that those fees [were] discretionary, and that [defendant] lacked ability to pay them, it is reasonably likely the judge would have stricken them."

To establish ineffective assistance of counsel, defendant must show that (1) his counsel's representation fell below an objective standard of reasonableness, and (2) but for counsel's error, there is a reasonable probability that defendant would have obtained a more favorable result. (*Strickland v. Washington* (1984) 466 U.S. 668, 688, 694 [80 L.Ed.2d 674, 693, 697-698]; *People v. Ledesma* (1987) 43 Cal.3d 171, 215–218.) In this case, we need not determine whether counsel's performance was deficient, because

3

defendant has not established prejudice. (*Strickland v. Washington, supra,* 466 U.S. at p. 697 [80 L.Ed.2d at p. 699].)

Defendant's claim assumes the trial court was unaware of its discretion and did not properly consider defendant's ability to pay the booking and classification fees. But, on a silent record such as this, we must presume the trial court was "aware of and followed the applicable law" when exercising its discretion. (*People v. Mosley* (1997) 53 Cal.App.4th 489, 496; accord, Evid. Code, § 664.) We do not assume error where the record does not establish on its face that the trial court misunderstood the scope of its discretion. (*People v. White Eagle* (1996) 48 Cal.App.4th 1511, 1521–1523; *People v. Davis* (1996) 50 Cal.App.4th 168, 170–173.) We also presume the trial court considered ability to pay. (*People v. Nelson* (2011) 51 Cal.4th 198, 227.)

Defendant does not " 'identify anything in the record indicating the trial court breached its duty to consider his ability to pay; as the trial court was not obligated to make express findings concerning his ability to pay, the absence of any findings does not demonstrate it failed to consider this factor.' " (*People v. Nelson, supra,* 51 Cal.4th at p. 227.) Nor has defendant suggested there is any additional information that was not considered by the trial court. Furthermore, "[a]bility to pay does not necessarily require existing employment or cash on hand." (*People v. Staley* (1992) 10 Cal.App.4th 782, 785.) The trial court may consider the defendant's ability to pay in the future, including the defendant's ability to obtain wages in prison. (*People v. Hennessey* (1995) 37 Cal.App.4th 1830, 1837.)

4

Because the trial court presumably considered the relevant information and defendant's ability to pay, defendant has not established prejudice.

DISPOSITION

The judgment is affirmed.

                                                              _____MAURO_____, J.

We concur:

_____BUTZ_____, Acting P. J.

_____MURRAY_____, J.